# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## COURT FILE NO.: 10-CV-00004-RPM-CBS

Kyra McConnell,
    Plaintiff

v.

Global Credit and Collection Corporation,
    Defendant

_____

## FIRST AMENDED COMPLAINT AND JURY DEMAND
_____

### JURISDICTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts. Jurisdiction is proper before this Court pursuant to 15 U.S.C. § 1692k(d).

### VENUE

2.  Venue is proper before this Court as the acts and transactions giving rise to this suit occurred in this State, because Plaintiff resides in this State, and because Defendant transacts business in this State.

## PARTIES

3. Plaintiff, Kyra McConnell, is a natural person residing in Colorado.

4. Defendant, Global Credit and Collection Corporation, is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another in the State of Colorado.

## FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt (hereinafter the "Debt").

6. During the aforementioned telephone collection contacts with Plaintiff, Defendant represented to Plaintiff that it was calling from Capital One, the original creditor, rather than disclosing its true business name and identity.

7. Certain of said aforementioned telephone contacts made by Defendant during the past year were placed at inconvenient times, including at least twice telephoning Plaintiff at approximately 7 a.m.

8. Defendant caused Plaintiff's telephone to ring at an unreasonably high rate, sometimes calling Plaintiff up to three times a day. Defendant's telephone contacts with Plaintiff were repeated and harassing, such that Defendant's collection attempts constituted an intent to harass, annoy, and abuse Plaintiff.

9. On or about August 19, 2009, counsel for Plaintiff sent a letter to Defendant, notifying Defendant that Plaintiff was represented by counsel and that all further communications should be directed to Plaintiff's counsel. Despite having received said

notice of representation, Defendant continued to telephone Plaintiff in an attempt to collect the Debt. Despite having received said letter from counsel, Defendant telephoned Plaintiff again on September 9, 2009, and Plaintiff again informed Defendant that she was represented by counsel.

10. Again on November 3, 2009, Defendant telephoned Plaintiff in an effort to collect the Debt.

11. Defendant's aforementioned conduct violated the FDCPA in multiple ways, including but not limited to:

    a) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff, including referring to Defendant as calling from Capital One and never notifying Plaintiff of Defendant's corporate name, in violation of 15 USC §1692d(6);

    b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including contacting Plaintiff before 8:00 am local time for Plaintiff, in violation of 15 USC §1692c(a)(1);

    c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, in violation of 15 USC § 1692d(5); and

    d) Communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel, in violation of 15 USC § 1692c(a)(2).

12. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

## TRIAL BY JURY

13. Plaintiff is entitled to and hereby demands a trial by jury.

## COUNT 1, FDCPA VIOLATIONS

14. The previous paragraphs are reincorporated by reference as though they were fully set forth herein.

15. The acts described above constitute a violation of the FDCPA, and these acts were done willfully and intentionally.

16. Plaintiff is entitled to actual and statutory damages for the above pursuant to §1692(k).

## COUNT 2, INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

17. The previous paragraphs are reincorporated by reference as though they were fully set forth herein.

18. Defendant and/or its agents invaded Plaintiff's privacy as described above, and intentionally caused harm to Plaintiff's emotional well-being by engaging in conduct that would be very offensive to a reasonable person.

19. Plaintiff had a reasonable expectation in Plaintiff's solitude, seclusion, and/or private affairs and concerns, and a reasonable person would find Defendant's actions as described above highly offensive and an invasion of privacy.

20. Plaintiff has been harmed by Defendant's invasion of privacy and has suffered damages as a result of the same, including but not limited to emotional distress, loss of sleep, and loss of enjoyment of life.

21. Defendant's invasion of privacy entitles Plaintiff to actual damages as determined by the trier of fact.

## PRAYER

**WHEREFORE,** Plaintiff prays this Honorable Court grant the following:

A. a declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Punitive Damages

D. Statutory damages pursuant to 15 U.S.C. § 1692k;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

F. Such other and further relief as may be just and proper

                                          **Respectfully submitted,**

**January 20, 2010**                      **/s/ Tammy Hussin**
                                          **Tammy Hussin**
                                          **Weisberg & Meyers LLC**
                                          **6408 Merlin Place**
                                          **Carlsbad, CA 92011**
                                          **888 595 9111 ext. 215 phone**
                                          **866 565 1327 facsimile**
                                          **thussin@AttorneysForConsumers.com**